# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NEW ERA GROUP, INC., ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | |
| ) | No. 14-1054 |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY, ) | |
| ) | |
| *Respondent*. ) | |
| _____) | |

## PETITIONER NEW ERA GROUP, INC.'S MOTION
## TO CORRECT DEFECTS IN THE ADMINISTRATIVE RECORD

Petitioner New Era Group, Inc. ("New Era") hereby requests that this Court order Respondent Environmental Protection Agency ("EPA") to correct and supplement the Certified List of the Contents of the Administrative Record ("Certified Index") that EPA has filed in this case. In accordance with Circuit Rule 27(h)(2), New Era attempted to confer with opposing counsel. Honeywell International and E.I. duPont de Nemours and Company have indicated they do not consent to the relief requested in this motion and plan to object. EPA did not have time to formulate its position but indicated that it expects to oppose the motion. New Era was not able to ascertain Arkema's position.

# INTRODUCTION

New Era seeks judicial review of EPA's denial of a petition for reconsideration. On June 3, 2013, New Era filed with EPA a Petition for Reconsideration of the final rule titled *Protection of Stratospheric Ozone: Adjustments to the Allowance System for Controlling HCFC[1] Production, Import, and Export ("HCFC Production")*, 78 Fed. Reg. 20,004 (Apr. 3, 2013) (the "Final Rule"). EPA denied the Petition almost ten months later, on March 13, 2014. During these ten months, New Era and EPA engaged in numerous telephone and in-person meetings. EPA also sent internal and external emails concerning the issues raised by New Era's Petition. Yet, the Certified Index lists no meetings, telephone conferences, or emails.

Additionally, the Certified Index contains a number of "placeholders." Apparently, EPA intends to withhold these "placeholder" documents, contending that they constitute confidential business records ("CBI"). EPA has failed, however, to establish that these documents qualify as CBI. Finally, the Certified Index contains a reference to "Relevant Meetings with External Stakeholders since Publication of the 2012 HCFC Proposed Rule," but the Index includes no documents that would shed light on the contents of the discussions that took place during those meetings or the documents that were exchanged. As the purpose of

---

[1] "HCFC" stands for hydrochlorofluorocarbons.

2

this proceeding is to determine whether EPA's denial of New Era's Petition for Reconsideration was arbitrary or capricious, it is crucial that the records of these meetings, the communications, and the documents are made part of the administrative record.

## ARGUMENT

On May 29, 2014, in accordance with Circuit Rule 17, EPA filed a Certified Index in this case. The Certified Index consists of two parts: (i) items pertaining to EPA's consideration of New Era's Petition for Reconsideration of the Final Rule and (ii) the docket for the Final Rule itself. This combined Certified Index, however, is missing critical documents.

New Era has attempted to obtain some of these documents under the Freedom of Information Act ("FOIA") and is presently appealing EPA's refusal to disclose them. Ex. A. Other documents have been designated as "CBI Placeholders" in the docket of the Final Rule, indicating that EPA does not intend to include them in the administrative record. Cert. Index, at 9, 23. These and other omitted documents are necessary for a fair judicial review of EPA's action in this case.

I. **EPA Cannot Distort the Record by Excluding Unfavorable Information.**

To establish that EPA's denial of its Petition for Reconsideration was arbitrary or capricious, New Era must be able to rely on all documents that were

3

before EPA when it denied the Petition. *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision."). EPA cannot limit the Court to reviewing only those documents that EPA cherry picked to support its actions.

"[A]n agency 'may not skew the record by excluding unfavorable information.'" *City of Duluth v. Jewell*, 968 F. Supp. 2d 281, 288 (D.D.C. 2013) (quoting *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007)). To ensure this does not happen, the agency "must produce the full record that was before the agency at the time the decision was made." *Id.* To be clear, "the agency may not exclude information from the record simply because it did not 'rely' on the excluded information in its final decision." *Id.* (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)). "Rather, 'a complete administrative record should include all materials that might have influenced the agency's decision.'" *Id.* (quoting *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001)).

In this case, there is no doubt the EPA has omitted documents and information. EPA has informed the Court that it will produce only a select portion of the documents that were before it at the time it improperly promulgated the Final Rule. Therefore, the Court should order EPA to correct the administrative

4

record and produce all documents and information that were before the EPA when it denied New Era's Petition.

## II. The Missing Documents Should Be Part of the Administrative Record.

The Certified Index does not include "all materials that might have influenced" EPA's decision to deny New Era's Petition for Reconsideration. *City of Duluth*, 968 F. Supp. 2d at 288. In fact, the Certified Index is missing three categories of documents. First, the Certified Index does not contain documents of which New Era has knowledge, including letters and records of meetings relevant to New Era's Petition for Reconsideration. Second, the Certified Index omits a number of documents that EPA is withholding from New Era, claiming various FOIA exemptions. This category of documents includes agency emails, meeting handouts, and meeting notes. Third, the docket for the Final Rule that EPA produced is likewise incomplete. It lists a number of documents EPA claims constitute CBI, but EPA fails to produce any justification for this conclusion. *See* Cert. Index, at 9, 23.

### A. EPA Must Produce Letters and Records of Meetings Pertaining to New Era's Petition for Reconsideration.

The Certified Index filed by EPA is missing at least several documents of which New Era has first-hand knowledge: (1) the letter from USA Refrigerants to Bob Perciasepe, Acting Administrator of the EPA, dated May 1, 2013; (2) the

5

letter from Gina McCarthy, Assistant Administrator of the EPA, dated July 2, 2013; (3) records of a teleconference between Peter Williams and the EPA on December 6, 2013; and (4) records of the February 6, 2014 meeting between Squire Patton Boggs (US) LLP (then Patton Boggs LLP) and the EPA at which the Petition for Reconsideration was discussed.

First, the May 1, 2013 letter from USA Refrigerants to Bob Perciasepe explained that the Final Rule took the industry by surprise, making the many flaws in the rule obvious only after its publication. Ex. B. Specifically, USA Refrigerants pointed out that, during the Final Rule's promulgation, EPA suggested that "there will be a shortage of more than twenty-seven million" pounds of HCFC-22. Ex. B, at 3. But, USA Refrigerants argued, the "market reaction" to the Final Rule indicated that "this myth is busted." *Id.* USA Refrigerants continued to discuss the devastating effect of the Final Rule on the reclamation industry: "After receiving the notice that you signed the rule and the rule being published in the Federal Register, April 3, 2013, the price of HCFC-22 has fallen. Companies that are engaged in this industry have seen their value drop as much as 30%." *Id.*

The second letter missing from the Certified Index is EPA Assistant Administrator Gina McCarthy's response to USA Refrigerants' concerns. Ex. C. The Honorable Gina McCarthy responded to USA Refrigerants' letter on Mr.

Perciasepe's behalf on July 2, 2013, thanking USA Refrigerants for the feedback and giving assurances that "EPA's final rule [already] reduced HCFC-22 allowances by nearly 30 percent compared to the 2012 through 2014 allocation provided under the 2009 rule." Ex. C. USA Refrigerants' letter and EPA's response directly relate to EPA's consideration of New Era's Petition because they address issues pertinent to those raised in the Petition for Reconsideration. Indeed, USA Refrigerants is one of the many industry members who openly supported New Era's Petition for Reconsideration. *See* Cert. Index, at 6.

Finally, the two meetings on the Petition for Reconsideration were without doubt of significance as well. The December 6, 2013 telephone meeting was attended by the following individuals on EPA's behalf: Diane McConkey with the Office of General Counsel; David Donaldson, Chief of Stratospheric Program Implementation Branch; Luke Hall-Jordan, Refrigerants Team Lead; and Elizabeth Whitely, Environmental Scientist. *See* Ex. D, Decl. of Peter Williams. On behalf of New Era, Mr. Williams and Ms. Linda Woolridge attended the meeting. Ex. D. More recently, on February 6, 2014, EPA held a meeting on New Era's Petition with New Era's attorneys. Ex. E, Decl. of Kristina Foehrkolb.

These are only the documents of which New Era is aware; it is likely that there are many other documents (including correspondence; internal emails, analyses and other materials; and documents pertaining to meetings, such as notes,

meeting summaries, and materials provided during the meetings) and much additional information that must be included in the administrative record. Without a full and complete administrative record, determining whether EPA's denial of New Era's Petition for Reconsideration was arbitrary and capricious would be an inherently speculative task. Therefore, this Court should order that EPA correct and supplement the Certified Index with these and any other omitted documents and information.

### B. EPA Must Produce Emails, Handouts, and Notes of Meetings that Took Place During EPA's Consideration of the Petition.

Proper review of EPA's denial of New Era's Petition for Reconsideration would not be possible without a review of (i) the agency emails pertaining to New Era's Petition, (ii) the handouts exchanged at meetings following the publication of the Final Rule and during EPA's consideration of the Petition, and (iii) the notes EPA took during meetings with New Era and external stakeholders after the publication of the Final Rule. On April 25, 2014, New Era requested disclosure of these documents pursuant to FOIA, but EPA refused to provide them, citing unsubstantiated FOIA exemptions. *See* Ex. F; Ex. G. New Era has appealed EPA's FOIA determinations with regard to these documents. Ex. A.

Namely, EPA excluded from disclosure "emails regarding the New Era Group, Inc. petition for reconsideration . . . that mention meetings or conference calls in which Mr. Williams participated." Ex. G, at 1. EPA also refused to

8

provide "[f]our meeting handouts," which EPA claims are CBI, and notes taken during the meetings that took place after the publication of the Final Rule. *Id.*

The emails withheld must be disclosed because EPA has not alleged with sufficient specificity facts that show the emails are internal pre-decisional materials and are entitled to exemption. As the agency ultimately bears the burden on this issue, more than mere conclusory statements must be made. *Senate of Puerto Rico ex rel. Jud. Comm. v. U.S. Dept. of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987) (emphasizing that the agency invoking a FOIA exemption must do more than provide "conclusory assertions of privilege").

Likewise, EPA has failed to allege with sufficient specificity the nature of the purportedly CBI handouts, why they constitute CBI, or whether they include "emissions" information that is ineligible for CBI status under the Clean Air Act and applicable regulations thereunder. *See Tax Analysts & Advocates v. IRS*, 362 F. Supp. 1298, 1307 (D.D.C. 1973) (explaining that the agency must state that the documents meet the statutory requirements of 5 U.S.C. § 552(b) (4), i.e. that (1) the documents are commercial or financial; (2) the agency obtained the documents from a person; and (3) they are privileged or confidential); 42 U.S.C. § 7414(c); 40 C.F.R. § 2.301(e). EPA's classification of handouts as CBI is particularly alarming as, by their very nature, handouts exchanged at the meetings are public documents.

9

Finally, the notes taken by the EPA during meetings after the publication of the Final Rule and during EPA's consideration of New Era's Petition also fall into the category of documents that EPA refused to disclose under FOIA, but which must be made part of the administrative record. EPA refused to disclose those notes in response to New Era's FOIA request, maintaining that they are not even agency records: "Notes taken by individuals for personal reference are not considered agency records," EPA claimed. Ex. H. In making this argument, EPA forgets that "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records.'" *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989). EPA's conclusory statement that the notes taken at the meeting are not "agency records" fails to meet that burden.

The emails pertaining to New Era Group's petition for reconsideration, the handouts exchanged at the meetings—which, by their very nature are public—and the notes the agency took at the meetings after the publication of the Final Rule are crucial in this judicial-review case. This Court should not allow EPA to hide behind unsubstantiated FOIA exemptions.

### C. EPA Must Make Available for Review Documents Marked "CBI" in the Docket of the Final Rule and Must Reveal Details of Meetings with Industry Members.

In the Final Rule docket portion of the Certified Index, there are also a number of documents designated as CBI or "CBI Placeholder." *See* Cert. Index, at

9, 23. That portion of the Certified Index also includes a reference to "Relevant Meetings with External Stakeholders since Publication of the 2012 HCFC Proposed Rule." *See* Cert. Index, at 24. EPA must make these documents available in this case.

Specifically, the Index lists the following documents as "CBI Placeholders": "CBI release memo for Arkema"; "CBI Placeholder: Coolgas Investment Properties Single Pollutant Transfer Documentation"; "CBI Placeholder: Solvay Letter dated 10-6-10"; "CBI Placeholder: Arkema Letter dated 12-17-10"; "CBI Placeholder: Arkema Letter dated 4-15-11"; "CBI Placeholder: Hudson handout from 12-14 2011 meeting with USEPA"; "Golden Refrigerant CBI Placeholder"; "Polar Technology CBI Placeholder"; "Refrigerant Exchange CBI Placeholder"; "Airgas CBI Placeholder"; "Coolgas CBI Placeholder 2-3-12"; "Total Reclaim CBI Placeholder"; "Pure Chem Separation CBI Placeholder"; "Advanced Refrigerant Technologies CBI Placeholder"; "RemTec CBI Placeholder"; "Summit Refrigerants CBI Placeholder"; "Coolgas Inc. CBI Placeholder 3-13-12"; and "CBI Placeholder: Memo from ICF International containing confidential information supporting the Adjustment Memo." Cert. Index 9–10, 23, 24.

EPA's designation of these documents as "CBI Placeholders" precludes New Era and the Court from reviewing the documents. EPA's failure to provide notes of its meetings with the industry stakeholders or to identify the documents

that were exchanged during those meetings likewise deprives New Era of an opportunity to obtain a fair judicial review of the EPA's decision. Because judicial review of EPA's denial of New Era's Petition for Reconsideration requires access to a complete administrative record, this Court should order that EPA correct and supplement the Certified Index.

The omitted documents and information in these three categories (i) were before EPA at the time it decided to deny New Era's Petition, (ii) are relevant to the EPA's final decision, and (iii) directly relate to Petitioner's argument that the EPA's denial of the Petition was arbitrary and capricious. Yet, EPA excluded these documents from the Certified Index, depriving New Era and this Court of the opportunity to thoroughly address the issues at stake. To ensure proper review of EPA's denial of New Era's Petition for Reconsideration, EPA must make these documents part of the administrative record.

## CONCLUSION

For the foregoing reasons, New Era Group, Inc., requests that this Court order that EPA correct and supplement the administrative record in this case as set forth herein.

Date:  June 27, 2014

Respectfully submitted,

/s/ T. Michael Guiffré
T. Michael Guiffré
SQUIRE PATTON BOGGS (US) LLP
2250 M Street, NW
Washington, DC 20037-1350
Tel:  202-457-6441
Fax:  202-457-6315
michael.guiffre@squirepb.com

*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

      I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

Date:  June 27, 2014                    /s/ T. Michael Guiffré
                                            T. Michael Guiffré

                                            *Counsel for Petitioner*